IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NADIA JEAN BART,

      Petitioner,

v.                               Case No. 2:26-cv-01048 KWR-JMR

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. In 2024, Petitioner arrived at the US border and was paroled into the United States. At the time of her parole at the border, she was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Her parole was subsequently revoked. Petitioner was then detained on December 17, 2025 at the border after attempting to gain entry into Canada. Petitioner seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

**BACKGROUND**

Petitioner is a citizen of Haiti detained by ICE at the Otero County Processing Center in New Mexico. Pet. ¶ 1, Doc. 1. She entered the United States in August 2024 under a parole program pursuant to 8 U.S.C. § 1182(d)(5)(A).  Pet. ¶ 1; Doc. 5 at 2 n.3. However, her parole was revoked. On December 17, 2025, after attempting entry into Canada, she was returned by Canadian Customs and Border Services to ICE at the border.  Doc. 5 at 3. She was arrested at the border and placed into ICE detention on December 17, 2025. Pet. ¶ 1. On March 24, 2025, an immigration judge denied bond on the basis of lack of jurisdiction. *Id.* ¶ 26.

Petitioner asserts a variety of claims all apparently based on the lack of a bond hearing. Respondents assert that she is mandatorily detained at this time under 8 U.S.C. § 1225(b). Petitioner asserts that she is entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner asserts that her detention without a bond hearing violates her Fifth Amendment due process rights.  Pet. ¶ 2. She also asserts a violation of the APA, the *Accardi* doctrine, the suspension clause. She requests declaratory relief, and immediate release or in the alternative a bond hearing.

**DISCUSSION**

I.      <u>**Petitioner is appropriately detained under 8 U.S.C. § 1225(b).**</u>

Petitioner arrived at the border and was detained at the border. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302

(2018). Under 8 U.S.C. § 1226(a), however, detention is a discretionary decision. Here, Petitioner's detention clearly falls under § 1225(b) for two separate reasons.  First, Petitioner was paroled at the border in 2024 and her parole was terminated.  Thus, once arrested, she was returned to her status when she was paroled at the border.  Second, Petitioner was detained at the border on December 17, 2025 when Canadian authorities refused her entry and turned her over to ICE.

Moreover, after Petitioner was detained at the border in 2024, she was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). Petitioner asserts that she is entitled to a bond hearing under § 1226(a) because she was paroled into the country and was detained after her parole was revoked. Applicants for admission may be released on parole on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). The noncitizen must be returned to the custody she was in "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." *Id.*

As this Court has previously determined, once § 1182 parole is terminated, a petitioner is returned to the legal status held at the time that parole was granted. *Flores Diaz v. Mullin*, No. 2:26-cv-00639-KWR-JHR, 2026 WL 1481585, at * 14 (D.N.M. May 27, 2026). Here, Petitioner was paroled from the border under § 1225(b). Consistent with the Court's reasoning in *Flores Diaz,* which the Court adopts and incorporates herein, once Petitioner's parole was revoked, she was returned to her status when she was detained at the border, which falls under § 1225(b).[1]

---

[1] In her Petition, Petitioner does not challenge the revocation of her parole, the manner of the revocation of her parole or cite to authority challenging how her parole was revoked, and the Court declines to *sua sponte* raise or analyze this separate claim on her behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants).

Petitioner also asserts an APA claim.  But she cites to no authority that a Petitioner may assert an APA claim to obtain release from custody. To the extent Petitioner challenges her detention through an APA claim, it fails. The APA provides a cause of action only where there is no other adequate remedy in court. 5 U.S.C. § 704. Challenges to the fact or duration of immigration detention are cognizable in habeas and "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). In a concurring opinion, Justice Kavanaugh explained that "claims under the APA are not available when there is another 'adequate remedy in a court,' ...." *Trump v. J.G.G.*, 604 U.S. at 674 (Kavanaugh, J., concurring). He further explained that "habeas corpus, not the APA, is the proper vehicle here." *Id.* Because the relief Petitioner seeks, release from custody, is attainable through habeas corpus, the APA does not supply a cause of action here.

Petitioner also asserts an *Accardi* claim, asserting that Respondents failed to follow their own procedures by not providing Petitioner a bond hearing.  Pet. ¶ 50. Here, because Petitioner is mandatorily detained under § 1225(b), Respondents did not violate *Accardi* by failing to provide her a bond hearing under § 1226(a).

Petitioner also argues that her mandatory detention violates the Suspension Clause of the Constitution. But Petitioner does not analyze this claim, and the Court declines to *sua sponte* analyze this claim for her.

## II.    <u>**Petitioner's mandatory detention under § 1225(b) does not violate her procedural due process rights**</u>.

Petitioner asserts that her mandatory detention without a bond hearing pending a decision on her removal proceedings violates her procedural due process rights. The Court disagrees.  As the Court explained in *Flores Diaz,* noncitizens who are detained at the border have procedural due process rights as set forth by Congress, and here she is mandatorily detained by § 1225(b).

*Flores Diaz v. Mullin*, No. 2:26-cv-00639-KWR-JHR, 2026 WL 1481585, at * 14 (D.N.M. May 27, 2026). When Petitioner's parole was revoked, she reverted to the status of a noncitizen at the border and became subject to § 1225. *Id.* Therefore, she is subject to mandatory detention under § 1225 and is not entitled to a bond hearing under § 1226(a). Thus, she has received the procedures set forth by Congress.

Petitioner's parole does not grant her greater due process rights than she had at the border. The entry fiction doctrine, a legal fiction, creates a distinction between a noncitizen who has "effected an entry" into the United States and a noncitizen who arrives at a port of entry or is detained shortly after unlawful entry. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020). The entry fiction creates a distinction in which noncitizens "who arrive at ports of entry" or are "detained shortly after unlawful entry" are " 'treated' for due process purposes 'as if stopped at the border,' " even if they were "paroled elsewhere in the country for years pending removal." *Id.* (citations omitted). The Tenth Circuit has recognized this doctrine in the parole context. *See Sierra v. INS*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("Although [the noncitizen parolee] has been physically present in the United States for more than twenty years, [he] is 'legally considered to be detained at the border and hence as never having effected entry into this country.' " (citing *Gisbert v. U.S. Att'y Gen.*, 988 F.2d 1437, 1440 (5th Cir. 1993), *amended by* 997 F.2d 1122 (5th Cir. 1993))). When a noncitizen is considered detained at the border, then "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Id.* (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)).

Here, *Sierra* is controlling as to Petitioner's procedural due process claim. In that case, the Tenth Circuit held that a petitioner who had been physically in the United States for over twenty years was considered detained at the border and never effected an entry into the United States for

5

procedural due process purposes. 258 F.3d at 1218–19. The Tenth Circuit applied the entry fiction doctrine and explained that the petitioner was only entitled to the procedures authorized by Congress because he was considered "detained at the border." *Id.* at 1218. Here, it appears that Petitioner was detained at the border on December 17, 2025. Alternatively, it appears Petitioner was paroled into the country at the border in 2024, and her parole was revoked. She does not challenge the revocation of her parole. Thus, her due process rights are limited to the procedures authorized by Congress. Here, 8 U.S.C. § 1225(b) mandates her detention pending a decision on her removal proceedings.

### III. Petitioner's alleged prolonged detention does not violate her procedural due process rights.

Petitioner appears to summarily assert that her detention is prolonged and violates her procedural due process rights. *See* Pet. ¶¶ 32, 33. Petitioner did not adequately assert or analyze this claim. Petitioner bears the burden of proof of showing that she is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding

6

challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting her own arguments and claims, and the Court declines to sua sponte raise or analyze a constitutional claim which was not asserted or briefed. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").  Therefore, the Court declines to analyze this claim on her behalf.

*Alternatively,* assuming she adequately asserted in her Petition that her prolonged detention violates her procedural due process rights, the Court denies this claim at this time. As explained below, the Court concludes that Petitioner has not demonstrated that the length of her detention at this time (less than six months) violates due process such that a bond hearing is warranted. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). A noncitizen who is considered to have not entered the country is only entitled to "the procedure authorized by Congress." *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)). However, once a noncitizen "enters the country, the legal circumstance changes, for the Due Process Clause applies

7

to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

Because Petitioner is deemed to not have effected an entry into the country, her procedural due process rights are limited to those set forth by Congress. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Generally, "an alien who is detained shortly after unlawful entry cannot be said to have effected an entry. Like an alien detained after arriving at a port of entry, an alien like respondent is on the threshold." *Id.* (internal citations and quotation marks omitted). A noncitizen in Petitioner's "position has only those rights regarding admission that Congress has provided by statute." *Id.*; *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("Ordinarily, then, '[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.' ") (quoting in part *United States ex rel. Knauff v. Shaughnessy,* 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 (1950)). Here, Petitioner was detained near the border and deemed not to have effected an entry into the country.  Therefore, her procedural due process rights are limited to those provided by Congress.  *Thuraissigiam,* 591 U.S. at 140.  Thus, § 1225(b) mandates her detention pending a decision on her removal.

Based in part on these above cases, some district courts in this circuit have held there is no procedural due process violation for prolonged detention where the noncitizen is detained under § 1225(b). *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020) (concluding petitioner, detained under 8 U.S.C. § 1225(b)(2)(A), "has no statutory right to release or a bond hearing" and thus "has no due-process right to the relief requested."); *Richards v. Choate,* No. 1:25-CV-03134-DDD-STV, 2025 WL 4474703, at *4 (D. Colo. Dec. 5, 2025).

To be sure, some courts have held that noncitizens detained under a different provision, § 1226(a), are entitled to a bond hearing after their detention becomes prolonged.  The Second

Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[2] But here, Petitioner is detained under § 1225(b), not § 1226. Petitioner has not shown that the length of her detention violates due process, or that a decision on her removal is unlikely to occur.  Therefore, Petitioner has received all relief to which she is entitled at this time.

IV.    **Petitioner has not asserted a claim for violation of substantive due process for prolonged detention.**

Petitioner does not expressly argue that her alleged prolonged detention violates substantive due process. Considering the burden of proof as well as principles of party presentation, the Court declines to adjudicate a substantive due process claim *sua sponte* without briefing by the parties.  As explained above, Petitioner bears the burden of proof of showing that she is entitled to relief or a remedy, and she is also responsible for asserting her own arguments and claims. The Court is not required to argue on her behalf or act as her counsel. Petitioner does not expressly raise or analyze a substantive due process claim. Therefore, the Court declines to raise a substantive due process claim on his behalf.

Alternatively, to the extent the Court must raise a substantive due process claim on her behalf, the Court concludes that Petitioner has not argued or demonstrated that her current detention is punitive and not related to a legitimate governmental purpose.  Therefore, she has not

---

[2] *Borbot* and *Rodriguez Diaz* noted that its rulings were fact-dependent, and they did not rule out requiring an additional bond hearing in future cases.

shown a violation of her substantive due process rights. Petitioner, although never effectuating an entry into the country, maintains substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

Here, Petitioner has not argued or demonstrated that her detention is punitive or not related to a legitimate purpose. Petitioner has been detained since December 17, 2025, and she does not present any facts suggesting that a decision on her removal will not occur or is unreasonably delayed, or that her detention is merely punitive. Petitioner does not describe any facts asserting that her removal proceedings are prolonged or delayed. As of the entry of this order, she has been detained for less than six months. Petitioner does not argue or show that the ongoing proceedings are a ruse "to incarcerate [her] for other reasons." *Demore v. Kim*, 538 U.S. 510, 553 (2003) (Kennedy, J., concurring). Therefore, it is clear that Petitioner is being detained pending a decision on removal, and not to merely punish her. Petitioner has not demonstrated that a decision will not be issued. Moreover, her detention is reasonably related to the legitimate purpose of adjudicating her removal and ultimately removing her from the country. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of her detention pending a decision on her removal. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE